UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDELRAHMAN KHALED ISMAEL HAMED,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2486

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, provide Petitioner with an "individualized custody/release hearing." (Pet., ECF No. 1, PageID.11–12.)

In an order entered on September 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on September 9, 2026.

(Resp., ECF No. 6.) Petitioner filed his reply on September 10, 2026, (ECF No. 9), and a supplemental reply on September 11, 2026, (ECF No. 10).

## II. Relevant Factual Background

Petitioner is a citizen of Egypt who entered the United States in 2025 and, on February 23, 2026, was arrested by ICE agents. Op., *Hamed v. Raycraft* (*Hamed I*), No. 1:26-cv-1643 (W.D. Mich. Jul. 6, 2026) (ECF No. 6). On March 18, 2026, an Immigration Judge denied Petitioner's request for bond, stating: "Danger denied. Recent arrest for domestic violence. Respondent was accused of choking and threatening to kill his wife." *Id.* Petitioner filed an appeal of that decision, which remains pending. *Id.*

On May 19, 2026, Petitioner filed a § 2241 petition challenging the Immigration Judge's denial of bond after the criminal case against Petitioner had been dismissed. Pet., *Hamed I*, (W.D. Mich. May 19, 2026) (ECF No. 1). In *Hamed I*, the Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241without prejudice because there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Op. & Jud., *Hamed I*, (W.D. Mich. Jul. 6, 2026) (ECF Nos. 6, 7).

On June 30, 2026, Petitioner filed a second § 2241 petition, claiming that the Immigration Judge incorrectly relied upon Petitioner's arrest rather than the dismissal of the criminal case and that the circumstances warrant a reassessment. Op., *Hamed v. Raycraft* (*Hamed II*), No. 1:26-cv-1971 (W.D. Mich. Jul. 14, 2026) (ECF No. 11). In *Hamed II*, Court dismissed Petitioner's petition for failure to exhaust administrative remedies. Op. & Jud., *Hamed II*, (W.D. Mich. Jul. 14, 2026) (ECF Nos. 11, 12).

On July 16, 2026, the Detroit Immigration Court denied Petitioner's second request for bond because Petitioner "was previously found to be a danger to the community. No material change in circumstances." (Immigration Judge Order, ECF No. 7-1, PageID.60.)

**III. Discussion**

In the present action, which Petitioner filed on September 1, 2026, Petitioner raises the same claims for relief previously set forth in *Hamed II*, the only difference being that Petitioner had a second custody redetermination hearing in Immigration Court on July 16, 2026.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (quoting *McKart v. United States,* 395 U.S. 185, 193 (1969)). It "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in *Pozo*)).

Petitioner has not yet used all administrative steps available to him. Therefore, for the same reasons discussed by the Court in detail in *Hamed II*, the Court will dismiss Petitioner's § 2241 petition without prejudice.[1]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 17, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[1] Petitioner has also filed a motion to expedite consideration of his petition. (ECF No. 3.) Because this opinion and the accompanying judgment resolve this matter in its entirety, Petitioner's motion is moot.